McCreary v. Taylor.

| 38 | 393 |
| 54 | 528 |

1. **Appeal:** *From final judgment in principal branch of case.*
An appeal will lie from a final judgment on the merits in the main branch of a cause, though there is no final action in the attachment proceedings, which are ancillary to it; but upon such appeal errors in the attachment branch of the case which is unfinished will not be considered.

2. **Administratrix:** *Removal from the State.*
The removal of an administratrix from the State does not *eo instanti* vacate her letters. This requires the action of the court, on motion.

3. **Pleading:** *Form of complaint; Indebtitatus assumpsit*
The old form of *Indebtitatus Assvmpsit* is a sufficient statement under the Code, except when the action is in the nature of the old *quantum meruit* or *quantum valebat;* and even in the excepted cases a more definite statement can be obtained only by motion, and not by demurrer.

APPEAL from *Sebastian* Circuit Court.
Hon. J. H. Rogers, Circuit Judge.

*William Walker*, for appellant:

1. The order reinstating the lost writ of summons was irregular, unwarranted, and unsupported by sufficient proof.

2. The demurrer reached back to the complaint, and should have been sustained. The statement of the cause of action for rent is not an issuable fact—a mere conclusion of law. It was necessary to allege an express agreement for sufficient consideration, or that defendant occupied or received the rents and profits. *Green's Plead. and Prac.*, sec. 352, and cases cited. Plaintiff was bound to set out the agreement.

No demand was alleged. *Ib.*, sec. 616.

McCreary v. Taylor.

*Duval & Cravens* and *U. M. Rose*, for appellee:

The objection that there was no service on the original defendant, cannot be considered, as the lost summons has been restored.

EAKIN, J. This case comes up on the appeal granted in obedience of a *mandamus* from this court. See case of *McCreary, adm'x, etc.* v. *Rogers, Judge*, 35 *Ark.*, 298. The questions now presented are those of error in the proceedings of the court up to the time of and including the judgment against appellant, who was defendant in the action.

1. Appeal from final judgment in principal branch of case. It appears that on the first day of December, 1879, the jury, upon trial, found for the plaintiff in the sum of two hundred and eighty-nine dollars and seven cents, for which sum, with costs, a judgment was' rendered against the defendant as administratrix. No disposition was made of the attachment, nor was there any order then made as to the garnishees, or the fund in their hands. Afterwards, upon the filing of the answers of the garnishees, in obedience of a rule for the purpose, the defendant prayed an appeal from the judgment, and insisted upon the right to prosecute it, suspending, meanwhile, all further proceedings under the attachment. This court, being unwilling to interfere with the course of practice which she was advised to pursue, recognized that right and enforced it by mandamus. No proceedings, save those of a *nunc pro tunc* character, had after the application for an appeal, can be now noticed. There has been no final adjudication with regard to the attachment branch of the action, and any appeal to correct errors in that branch would be premature. The judgment upon the merits, between the original parties, stands upon its

McCreary v. Taylor.

own grounds, and is not affected by errors in the prosecution of the attachment proceeding, which is only ancillary. The judgment is final to fix and define the liability of the estate, and, therefore, the subject of immediate appeal. If there be no error in the proceedings affecting the merits, it must stand as *res judicata* between the original parties for the future. If, at the same time, there have been errors in the proceedings under the attachment, they cannot vitiate the judgment upon the merits. They affect the means of satisfaction, and, perhaps, the rights of garnishees, and may, also, be corrected on appeal; but with regard to them, as with regard to all other judicial controversies, where this court has no original jurisdiction, there must first be some final action by the court below. Where errors in both branches are complained of, and it be desirable to have all considered on one appeal, it may be done by awaiting the final action of the court in both, reserving all proper exceptions. Or, as in this case, either party may appeal from the judgment upon the merits in what we may call the main branch of the case. But this precludes all enquiry by this court as to errors in the other branch which remains suspended.

Hence we cannot enquire whether or not the court erred in refusing the discharge to the garnishees, or to permit the grounds of attachment to be put in issue; or in any other matter not connected with and leading to the judgment on the merits. The defendant refused, through her counsel, to await the final action of the court regarding the attachment and garnishments, and to renew her appeal afterwards even with the assurance of the judge that the fund would be protected. We cannot question the right nor criticise the policy of the course pursued, but the defendant must stand upon the ground she had been advised to take. There

2. ADMINISTRATRIX Removal from the State.

McCreary v. Taylor.

is no bill of exceptions and we must look for errors alone to matters which are, and rightfully should be of record.

The papers originally filed and those substituted for what had been lost show personal service upon the intestate before his death. It was revived against defendant as his administratrix, who appeared and answered, setting up nine grounds of defence. To four of these the plaintiff demurred. Overruling the demurrer as to three of them, the court sustained it as to the other. This set up her non-residence at the time of the publication of the warning order against her, and since, alleging that she had removed to California before that time, and that her powers and authority as administratrix had thereby ceased.

There was no error in sustaining this demurrer, and it seems to be so conceded in the briefs. The administratrix was a resident when appointed. Her removal from the State did not *eo instanti* vacate her letters. It required the action of the court for that purpose, on motion. (*Gantt's Digest, sec.* 17.)

3. PLEADING: Form of complaint *Indebitatus Assumpsit.* It is contended, however, that the demurrer reached back to the complaint, and that it should have been noticed by the court as insufficient. It is in effect the old form of *indebitatus assumpsit* "for the rent for the years 1874 and 1875, of certain real estate, with the improvements thereon, of the said plaintiff by the said defendant, under a parol agreement and contract to pay the plaintiff at the rate of five dollars per acre for the same, and also in the sum of ten dollars for money paid out, by the plaintiff, for the use of the defendant at his special instance and request." A bill of particulars is stated to be thereunto annexed, which afterwards by leave of court was filed. There was an allegation of non-payment, and that the debt was still due. There was no demurrer to the complaint, nor motion to make it more definite and certain.

The old form of statement of the cause of action in *indebitatus assumpsit* is sufficient under the code, except where the action is in the nature of the old *quantum meruit* or *quantum valebat*, and even in the excepted cases, a more definite statement can only be obtained by motion. *Ball et al v. Fulton Co.*, 31 *Ark.*, 379. The want of it is not ground of demurrer. The same ruling has been made in most of the States which have adopted the new system of proceedure, as may be seen by reference to any of the recent text books on Code pleading. This is especially the case where the Code requires a bill of particulars to be filed. The object of such a provision being, obviously, to supply any want of certainty in the general terms of the complaint. With such aid the defendant may, generally, be considered sufficiently advised of *the facts* which are relied upon to charge him with liability, and which he is required to answer. Exceptional cases, of course, require more definite statements.

We find no error in the record with regard to any matter which may be considered on this appeal.

Affirm the judgment, and let the cause be remanded for further proceedings in accordance with law.