80  311
107  479

## WILLIAM KOEPKE v. JOSEPH P. DYER.

*Mechanics' lien law—Judgment—Personal liability.*

In this case, the judgment, so far as it establishes a personal lia-
bility against the defendant, is affirmed, but is held void so
far as it gives plaintiff a lien under the mechanics' lien law
of 1887, which was held unconstitutional in *John Spry Lumber
Co. v. Loan & Trust Co.*, 77 Mich. 199.

Error to superior court of Grand Rapids. (Burlingame,
J.)   Argued April 16, 1890.   Decided April 25, 1890.

Proceedings under mechanics' lien law of 1887.   Defend-
ant brings error.   Reversed as to lien.   Personal judg-
ment affirmed.   The facts are stated in the opinion.

*Earle & Hyde,* for appellant.
*Nathan P. Allen,* for plaintiff.

MORSE, J. April 4, 1889, the plaintiff filed his declara-
tion against the defendant in the superior court for the
city of Grand Rapids, in *assumpsit,* alleging that on
February 19, 1889, he filed with the register of deeds of
Kent county a notice of claim of lien for labor performed
and materials furnished on and against certain lands in
Davis, Turner & Carroll's addition to the city of Grand
Rapids, the true amount of said claim being $113.10, over
and above all legal set-offs.   He also declared upon all of
the common counts.   A copy of the declaration and
notice of rule to plead was personally served on the
defendant in the city of Grand Rapids April 5, 1889.
July 1, 1889, his default for want of appearance and
pleading was taken, which was made absolute July 8,
1889.   July 19, 1889, judgment was taken on this default

before the court without a jury for the sum of $113.10, and the said amount declared by said judgment to be a lien upon the real estate described in the declaration. Execution was issued on this judgment July 23, 1889. August 7, 1889, the defendant appeared specially by his attorneys, Earle & Hyde, and moved the court to set aside said judgment and execution for various specified reasons. September 9, 1889, this motion was denied. This case is brought here upon writ of error.

After the judgment was taken, the mechanics' lien law of 1887 was declared unconstitutional by this Court. *John Spry Lumber Co. v. Loan & Trust Co.*, 77 Mich. 199; *Mellis v. Race*, 78 Id. 80; *Snell v. Race*, Id. 334. All the objections to this judgment in the court below, on motion to set it aside, and all the errors assigned in this Court, are directed against the proceedings to enforce the lien. The declaration upon the common counts and the record will support a personal judgment in *assumpsit* for the amount of $113.10, and there is no reason for setting it aside. *Snell v. Race, supra*. The execution, however, was directed against the premises upon which the lien was established, and is void and of no effect, and must be set aside.

The judgment, in so far as it creates a lien upon the premises, is vacated and set aside, but the personal judgment against the defendant will stand. The defendant will recover his costs in this Court.

The other Justices concurred.