## CHICAGO, R. I. & P. R. CO. v. DIZNEY.

No. 7853—Opinion Filed Oct. 31, 1916.

(160 Pac. 880.)

**Carriers—Negligence—Trial—Injuries to Passengers—Actions—Instructions—Invading Province of Jury.**

Instructions in this case examined and held to present the law of the case to the jury.

Oklahoma Railway Company v. Milam, 45 Okla. 742, 147 Pac. 314, followed.

(Syllabus by Hooker, C.)

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by George M. Dizney against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Moore, C. O. Blake, R. J. Roberts, and K. W. Shartel, for plaintiff in error.

Parker & Simons and Blanton & Andrews, for defendant in error.

Opinion by HOOKER, C. This is an action for personal injuries alleged to have been received by the defendant in error while a passenger upon one of the trains of the plaintiff in error operating between Shawnee, Okla., and Oklahoma City, Okla., on the 14th day of March, 1913. In the petition it is alleged that the train upon which the plaintiff below was riding was a vestibule train, and consisted of an engine and three passenger coaches, and that the passageways between the three passenger coaches were wholly closed by vestibules; and that each of said vestibules had an outer opening upon the steps at the end of each of said cars, and within said vestibule doors, and over the steps at either end of said passenger coaches, were trapdoors, which when closed made a complete floor and inclosure within each of said vestibules, which said vestibules were designed for the protection of passengers, and to enable them to pass with safety from one car to another while the train was in motion; and that upon this train in which the plaintiff was traveling at the time of his injury there was maintained a free and uninterrupted access through said vestibules for the accommodation and convenience of the passengers on said train; and that while the plaintiff was a passenger on said train, operated by the company as aforesaid, he did proceed from the coach in which he was riding to the front door of the same, there stepped into the vestibule at the front end of said coach for the purpose of passing through said vestibule into the coach ahead of him; and that the vestibule had no light; and that the trapdoor on the front end of the coach on which plaintiff was riding had been by said defendant carelessly and negligently left open, leaving an open space in the floor of said vestibule directly over the steps leading down from said coach, which fact was wholly unknown to the plaintiff; and that in passing through said vestibule, and without notice or knowledge on his part that said trapdoor was open, and without any fault or negli-

gence on his part; and that by reason of the jar which was given to the train, which caused him to lose his balance, he fell through said trapdoor and was percipitated from said train with great force and violence, and the injuries complained of thereby caused to him. It is further alleged that it was the duty of the company in operating its train, and particularly in the nighttime, to keep the trapdoors in the vestibules of said cars closed, and to furnish sufficient light in said vestibules to enable passengers upon the train to pass through the same in safety, and that by reason of the carelessness and the negligence of the defendant in allowing and permitting said trapdoor to be and remain in an open and unguarded condition, the plaintiff was injured as aforesaid. The answer of the company was a general denial and a plea of contributory negligence. Upon these issues the case went to trial. and a verdict returned in favor of the plaintiff in error, from which an appeal is had to this court.

The plaintiff in error has assigned as reason why this verdict should be set aside the error of the court in giving instructions Nos. 3, 4, 10 and 11. Instruction No. 3 is as follows:

"You are further instructed that a carrier of persons for reward must use the utmost care and diligence for their safe carriage, and must provide everything necessary for the purpose, and must exercise to that end a reasonable degree of skill.

"In this connection you are further instructed that if you believe from the evidence in this case that the train on which the plaintiff was riding was a vestibule train, and that the trapdoor in the floor of the vestibule on the coach in which plaintiff was riding was permitted to be open while the train was in motion and by the use of the utmost diligence the defendant could have had such trapdoor closed, and that said plaintiff, in attempting to pass from one coach to another on said train, without negligence on his part, fell through such open trapdoor, thereby sustained injuries complained of in his petition, and that the open trapdoor was the proximate cause of said injury, then a prima facie case has been made by plaintiff which raises a presumption of negligence on the part of the defendant company, which the defendant has the burden of overcoming to your satisfaction.

"(Excepted to by defendant and exception allowed.) F. B. Swank, Judge."

It is urged by the plaintiff in error that this instruction invades the province of the jury and determines as a matter of law a question of fact which should have been left for the determination of the jury. While it is admitted that the first part of the instruction is quoted verbatim from the Revised Laws of 1910, and is not objectionable, but it is asserted that in the second paragraph of this instruction the court undertakes to interpret and apply the statute, and thereby clearly invades the province of the jury. We have carefully considered this instruction, and we do not believe the same subject to the objections urged against it. In the trial of all cases where the evidence is admitted the court has the right to instruct the jury upon that theory consistent with the general admission of the parties. In this instruction the jury is told that, if it believes from the evidence that the train on which the plaintiff was riding was a vestibule train (and this is admitted), and that the trapdoor in the floor of the vestibule on the coach in which plaintiff was riding was permitted to be open while the train was in motion (and that the door was open is not disputed), and by the use of the utmost diligence the defendant could have had such trapdoor closed, and that plaintiff, in attempting to pass from one coach to another without negligence on his part, fell through such trapdoor and suffered the injuries complained of, and that the open trapdoor was the proximate cause of such injury, then a prima facie case has been made by plaintiff which raises a presumption of negligence on the part of the company which the defendant has the burden of overcoming to your satisfaction.

It is the positive duty owing by the company to all passengers to provide a safe passage through a vestibule train. And our statute requires a carrier of persons for reward to use the utmost care and diligence for their safe carriage, and it must provide everything necessary for that purpose, and must exercise to this end a reasonable degree of skill. In fact the vestibules arranged in accordance with modern customs are but invitations to the passenger to travel from one coach to the other, and with this invitation extended, it is the positive duty of the company to keep the vestibule in a safe condition, so that the invitation may be accepted without injury to the patrons of the company.

This instruction as we view it presents the issues in this case to the jury, and, after telling the jury the degree of care which the law imposes upon a carrier of persons for reward, it then submits to the jury the questions whether this was a vestibule train, whether the trapdoor in the floor of the vestibule on the coach in which plaintiff was riding was permitted to be open while the train was in motion; whether by the use of the utmost diligence the company could have

had such trapdoor closed; and whether the plaintiff in this action, in attempting to pass from one coach to the other without negligence upon his part, was injured. In fact this instruction recognizes the law of contributory negligence, and advises the jury that before a prima facie case of negligence can be established against the company by reason of these acts complained of by the plaintiff in his petition, and submitted to the jury by this instruction of the court, the jury must find from the evidence that the plaintiff was without negligence. And we think the law to be, where a passenger establishes that he is without negligence, and that injuries sustained by him arose in consequence of the failure in some way of the carrier's means of transportation or conduct of the carrier's servant, a presumption of negligence arises on the part of the carrier or his servants, which, unless rebutted by it to the satisfaction of the jury, will authorize a verdict and judgment against it for the damages sustained, or, to state the rule differently, it may be said that a person entitled to sue for an injury makes out a prima facie case for damages against the carrier by proving the contract of carriage, that the accident happened in consequence of a defect in the vehicle of the carrier or an improper adjustment thereof, or by an omission or mistake of its servants, and that in consequence of the accident the plaintiff sustained damages. This instruction, as we view it, does not invade the province of the jury, but leaves to the jury the consideration of every issue involved in this case to be by it decided from the evidence in the case.

By instruction No. 9 the court instructed the jury in a separate instruction upon the law of contributory negligence, and we are of the opinion that the language used in instruction No. 3 was sufficient to inform the jury that the plaintiff below was not entitled to recover if he himself was guilty of contributory negligence. This court, in the case of Oklahoma R. Co. v. Milam, 45 Okla. 748, 147 Pac. 316, said:

"'An instruction that, if defendant's car was running at a prohibited rate of speed, the jury would be justified in finding defendant guilty of negligence, and if such negligence caused the plaintiff, unless he was guilty of contributory negligence, was not erroneous, as misleading the jury, when taken in connection with other instructions given that the verdict should be for defendant, though negligent, if plaintiff could have avoided the injury.' And in which it was held there was no error, but in the instruction quoted the question of contributory negligence was plainly and expressly called to the attention of the jury which was not done in instruc-

tion No. 11 [in the Milam Case] given to the jury in the trial of the case at bar. If in this instruction the court, after stating the facts upon which the jury might find for the plaintiff, had added, as did the Washington instruction, 'unless the deceased was guilty of contributory negligence,' and thereafter had followed with instruction No. 17, there would have been no ground for complaint by the defendant below."

The Washington case referred to by Mr. Justice Brown in the quotation above cited is that of Traver v. Spokane Street R. Co., 25 Wash. 225, 65 Pac. 284; and, under the authority of these two cases, we are of the opinion that instruction No. 3 sufficiently calls to the attention of the jury the question of contributory negligence raised in this case. And it therefore follows that this instruction is not subject to the criticism mentioned in the case of Okla. R. Co. v. Milam, 45 Okla. 742, 147 Pac. 314. C., R. I. & P. R. Co. v. Clark, 46 Okla. 382, 148 Pac. 999. See C., R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146.

Instruction No. 4 is as follows:

"In this case the negligent acts complained of are the gist of the action, and to entitle the plaintiff to recover, he must establish by a preponderance of the evidence that the alleged injuries resulted from the acts complained of. Negligence on the part of the defendant is the failure of the defendant or its servants employed in the operation of the train upon which the plaintiff was a passenger to perform a duty owing to the passengers arising out of the relation of the parties at the time.

"And in this connection you are instructed that the defendant in this case is chargeable with any act of negligence on the part of any of its employes operating the car upon which the plaintiff was riding just as fully as if the defendant itself or its principal officers were in charge of or operating such car at that time, and that defendant company is liable for any act of negligence, if any there be, on the part of any of the employes of said defendant company on said train upon which said plaintiff was riding, providing said acts of negligence on the part of such employes resulted in causing the injuries received by the plaintiff.

"(Excepted to by defendant and exception allowed.)          F. B. Swank, Judge."

This instruction does not attempt to cover the whole case; it does not purport to detail any of the facts established by the evidence. It is not a hypothetical instruction from any light you view it, but it only instructs the jury as to what constitutes negligence on the part of the company, and tells the jury that the company is charged with and liable for

the negligent acts of its servants or employes to the same extent as if the defendant committed such acts itself. There can be no objection found to the law as stated in this instruction. Not being a hypothetical instruction, it is not necessary for this instruction to embrace the whole law of the case. In fact, a rule of law which required every instruction to cover the entire case in all of its phases would not only be cumbersome. in convenient, and misleading, but would doubtless occasion more confusion and be more incapable of a thorough understanding than would a short. concise statement of the law of the case to the jury. This court is a number of cases has held that it is not required that the entire law of a case shall be stated in a single instruction, and that it is proper to state the law as applicable to particular questions, or particular parts of the case in separate instructions. The numbering of instructions is merely for convenience, and it is to be presumed that the jury will consider the instructions as a whole, not one to the exclusion of the rest. This instruction No. 4 again informs the jury that under the law of this state contributory negligence is for the jury to determine from all the facts and circumstances admitted as evidence in the case.

Instruction No. 10 informs the jury that before the defendant company can relieve itself of liability on the ground of contributory negligence, it must prove such defense by a preponderance of the evidence. The plaintiff in error is not in a position to complain of this instruction, for the evidence here offered by the defendant in error cannot be said to establish, or by inference to show, contributory negligence upon the part of the defendant in error. It is true that a plea of contributory negligence is an affirmative defense, and to sustain it, it is the duty of the party pleading the same to offer proof to support it, yet, if the plaintiff's evidence should establish that he was guilty of contributory negligence, the defendant would be entitled to rely thereon and avail itself thereof. The only objection urged by the plaintiff in error to this instruction No. 10 is that it curtails the right of the plaintiff in error to rely upon any contributory negligence that might be shown by the plaintiff's evidence. There being none apparent in this record, the objection to said instruction is not tenable.

Complaint is made to instruction No. 11, which is quite lengthy, and unnecessary for us to present here. Suffice it to say that. in the case of Enid R. Co. v. Reynolds. 34 Okla. 405. the Supreme Court of this state at p.

410, 126 Pac. 193, therein approved an instruction similar to the one here complained of. The authorities cited there seem to support the instruction, and we see no reason why the rule should be disturbed.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.