### BOARDMAN CO. v. BOARD OF COM'RS OF ATOKA COUNTY.

No. 8602—Opinion Filed July 23, 1918.

(174 Pac. 272.)

**Appeal and Error—Dismissal and Nonsuit —Assignments of Error—Motion for New Trial.**

The refusal of the court to permit the plaintiff below, after the introduction of its evidence, to dismiss its cause of action with-

out prejudice, to which it excepted, was error, and in order for same to be reviewed here it is not necessary for the error to be assigned in the motion for a new trial.

(Syllabus by Hooker, C.)

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by the Boardman Company against the Board of County Commissioners of Atoka County. Plaintiff was denied a nonsuit; and he brings error. Reversed and remanded, with directions.

Bernstein & Spiars and J. G. Ralls, for plaintiff in error.

Baxter Taylor, for defendant in error.

Opinion by HOOKER, C. In the early part of the fiscal year of 1911 the Wylie Manufacturing Company sold to Lewis township, Atoka county, Okla., a carload of culverts, which was delivered in August, 1911. Thereafter the Wylie Manufacturing Company was succeeded by the plaintiff in error, and the township government of Lewis township was abolished under the law of 1913, and the defendant in error became the successor of the township board of that township. Upon the failure of the Boardman Company to realize upon its claim this suit was instituted by it against defendant in error, and in the petition filed therein it is alleged that the Wylie Manufacturing Company sold culverts to Lewis township, in Atoka county, during the fiscal year aforesaid, that the same had been delivered and used by the township, and that payment thereof had been refused and it is further alleged that a warrant was executed and delivered by the proper officials of Lewis township to the Wylie Manufacturing Company for said material, and that the plaintiff is the owner of the warrant and entitled to its proceeds and judgment is asked in this action against the board of county commissioners of Atoka county, successor to the township board of Lewis township, for said amount.

The execution and delivery of said warrant was denied by the defendant in error under oath, and other defenses interposed, to which reply was filed in due time. Upon the trial of this cause the plaintiff in error introduced its evidence, and at the conclusion thereof the defendant below demurred thereto, for the reason that the evidence was not sufficient to constitute a cause of action against the board of county commissioners of Atoka county and in favor of the plaintiff below. Thereupon the attorney for the plaintiff asked leave to reopen his case

to produce the evidence of one Charles Sisson, who had been subpœnaed as a witness, but who failed to appear in time to testify which request was denied by the court, and then the attorney for the plaintiff asked the court to nonsuit the plaintiff below in said cause without prejudice, for the reason stated therein by him. This request was by the court denied, to which the plaintiff below excepted. This ruling of the court is assigned as error here.

Section 5033, Rev. Laws 1910, provides that:

"A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party. * * * *"

From this language of the statute it is plain that a motion for a new trial has no function to perform unless an issue of fact has been fully determined. Not only must there have been a trial, a judicial examination of issues of fact, but those issues must have been definitely settled by a verdict of a jury, or an equivalent thereto, final and conclusive upon the facts, unless vacated. Until that stage has been reached the condition precedent to the filing of a motion for a new trial does not arise, the circumstances capable of creating a field for its operation have not occurred, and the only subject-matter vulnerable to its attack does not exist in Wagner v. A., T. & S. F. R. Co., 73 Kan. 283, 85 Pac. 299, the Supreme Court of Kansas said:

"It is not necessary to file a motion for a new trial before bringing to this court for review a decision sustaining a motion for judgment upon the pleadings and the opening statement of counsel, and sustaining an objection to the introduction of any evidence in the case."

In Clapper v. Putnam, 70 Okla. 99, 153 Pac. 297, this court said:

"A motion for a new trial is unnecessary, to enable this court to review the action of the trial court in sustaining an objection to the introduction of any evidence by a plaintiff upon the ground that his petition fails to state a cause of action."

In Powell v. Nichols, 26 Okla. 734, 110 Pac. 762, 29 L. R. A. (N. S.) 886, this court said:

"The filing and determining of a motion

for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing."

Section 5125, Rev. Laws 1910, provides:

"An action may be dismissed without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."

This statute gives to one who institutes an action an absolute right to dismiss it, if he desires to do so and signifies his intention in the proper way. We are of the opinion that the motion of the plaintiff below to dismiss this action without prejudice, which occurred before the cause had been finally submitted to the jury, should have been sustained, and that the trial court committed an error in refusing to do so.

For this reason the judgment of the lower court is therefore reversed, and this cause remanded with directions to enter an order dismissing the plaintiff's action without prejudice at its cost.

By the Court: It is so ordered.