## CHICAGO, R. I. & P. RY. CO. v. FORRESTER.

No. 9098—Opinion Filed Nov. 19, 1918.

On Rehearing, Jan. 13, 1919.

(177 Pac. 593.)

1. **Appeal and Error—Motion for New Trial —Revivor.**

Errors alleged to have been committed by the trial court in making an order of revivor must be presented in a motion for a new trial before they can be reviewed or considered on appeal.

2. **Judgment — Foreign Judgment — Collateral Attack—Demurrer.**

An answer which challenges the action of the probate court of Arkansas in making an order appointing an administrator of the estate of a decedent, who was a resident of that state, on the ground that said decedent did not have or possess any personal or real property at the time of his or her death, is a collateral attack on a judgment of another court, and it is not error to sustain a demurrer thereto.

3. **Executors and Administrators — Removal Effect.**

The removal of an administrator of an estate appointed by the probate court of Arkansas after his appointment does not ipso facto vacate or revoke his letters of administration, and an answer which alleges such removal from said state after said appointment, but fails to allege that an order has been made by the court appointing him, vacating and revoking said letters, is insufficient to make an issue on the capacity of said administrator to maintain an action in the courts of this state such administrator.

4. **Appeal and Error — Review — Erroneous Admission of Evidence—Statute.**

Before the court is warranted in reversing a judgment for error in admitting incompetent evidence or testimony, it must appear from the whole record that on account of the admission of such evidence or testimony that there has probably been a miscarriage of justice or constitutes a violation of a constitutional or statutory right.

5. **Carriers — Personal Injury to Passenger —Instructions.**

Instructions complained of in the instant case examined, and held to fairly state the law applicable to the evidence and facts on which a recovery was sought.

**6. Appeal and Error—Judgment — Partially Erroneous — Effect — Affirmance.**

When a court renders a money judgment and attempts to fix a lien on the property of defendant to secure the payment thereof, that part of the judgment which attempts to fix said lien although erroneous, does not require a reversal of the cause, but that part of the judgment which attempts to fix an unauthorized lien may be vacated, and the cause affirmed.

(Syllabus by Davis, C.)

Error from District Court, Le Flore County; W. H. Brown, Judge.

Action by Mrs. Jane Pitchford against the Chicago, Rock Island & Pacific Railway Company, revived after plaintiff's death in the name of W. T. Forrester, administrator. Verdict and judgment for plaintiff, and defendant brings error. Modified and affirmed.

See, also, 44 Okla. 197, 143 Pac. 1146.

W. H. Moore, C. O. Blake, R. J. Roberts, and J. E. Du Mars, and T. T. Varner, for plaintiff in error.

Jo Johnson, for defendant in error.

Opinion by DAVIS, C. This action was begun in the district court by Le Flore county, Okla., by Mrs. Jane Pitchford, against the Chicago, Rock Island & Pacific Railway Company, to recover a judgment for personal injuries alleged to have been received by plaintiff while a passenger on one of the trains of defendant. The parties will be referred to as they appeared in the trial court; that is plaintiff in error as defendant, and defendant in error as plaintiff.

The plaintiff took passage on one of defendant's trains at Hartford, Ark., on the 5th day of November, 1909, for Howe, Okla. When said train arrived at Howe, Okla., plaintiff was injured in alighting from said train. This action was begun to recover for the injury thus sustained. A judgment was obtained by plaintiff against defendant, and an appeal prosecuted to this court. The judgment was reversed by this court in an opinion written by Mr. Commissioner Sharp, now Chief Justice of the Supreme Court, and the cause remanded for new trial. Chicago, R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146. Before the cause was again called for trial plaintiff died, and the cause was revived in the name of W. T. Forrester, as administrator of the estate of Mrs. Jane Pitchford, deceased. At the trial of the cause a verdict was rendered in favor of the plaintiff for the sum of $5,000. Judgment was duly entered in favor of plaintiff for said

sum, and an appeal is prosecuted to this court to have the proceedings reviewed.

The first specification of error urged by defendant for a reversal of this cause is as follows:

"The trial court was without jurisdiction to try the case or render judgment therein for the reason that, the original plaintiff, Mrs. Jane Pitchford, having died, the cause had not been properly revived."

A large part of the brief filed by the defendant in this court is devoted to a discussion of the action of the trial court in entering an order of revivor in the name of the administrator of the estate of deceased. An examination of the record discloses that there was not included in the motion for a new trial any complaint of the action of the court in reviving this action in the name of the administrator of the estate of deceased. The order of revivor was entered on the 11th day of August, 1911, at Stigler, Okla. On the 17th day of November, 1916, a special appearance motion filed by defendant for the purpose of having set aside the order of revivor made on the 11th day of August, 1916, was heard and overruled. This action was not tried until the 23rd day of November, 1916. In order to have reviewed the action of the court in overruling the special motion of defendant filed for the purpose of having vacated the order of revivor made on the 11th day of August, 1916, it was necessary to have incorporated this alleged error in the motion for a new trial, and a failure to present this question in a motion for a new trial precludes this court from a consideration of this question on appeal. Elsea Bros. v. Killian, 38 Okla. 174, 132 Pac. 686; Ahren, etc., v. Condon, 23 Okla. 365, 100 Pac. 556; Stark Bros. v. Glaser, 19 Okla. 502, 91 Pac. 1040.

The second assignment of error is that the court erred in sustaining plaintiff's demurrer to section 3 of defendant's amended answer.

That part of the amended answer to which a demurrer was sustained is as follows:

"Defendant further alleges that if the plaintiff was appointed administrator of the estate of Mrs. Jane Pitchford, deceased, as alleged in his amended petition, this defendant is informed and believes and alleges the fact to be that Mrs. Jane Pitchford, deceased, at the time of her death was not the owner of any personal or real property subject to administration, that said appointment was made for the sole purpose of enabling plaintiff to maintain this suit, and that under the laws of the state of Arkansas, said court was without authority to make said appointment,

and defendant further alleges that since the appointment of plaintiff as such administrator and prior to the order of revivor herein he had moved from the state of Arkansas, and is now a resident of the state of Oklahoma, and a nonresident of the state of Arkansas and under the laws of the state of Arkansas, said plaintiff at the time of said removal forfeited the letters of administration and the power to act thereunder theretofore granted."

It will be seen from the foregoing answer that the jurisdiction of the probate court to appoint an administrator of the estate of Mrs. Jane Pitchford, deceased, is not called in question. It is attempted to call in question the matters adjudicated by the probate court of Arkansas when said appointment was made. If the probate court of Arkansas had jurisdiction to make the appointment, then it had the jurisdiction to determine whether or not the conditions existed that warranted the making of said appointment, and its conclusion and judgment on such matters were final unless appealed from, and could not be retried in the instant case. The death of Mrs. Pitchford. the existence of property subject to administration, and all other matters that were necessary to be determined in order to make said appointment, were concluded by the order making the appointment, and the attempt to call them in question in this action constitutes a collateral attack upon the judgment of the probate court of Arkansas. There was no error in sustaining the demurrer to such part of the answer as attempted to bring these matters again in question. Evidence thereon could not have been admitted to establish the allegations of the answer, and the trial court rightfully eliminated them from the case. A collateral attack could not be made on the action of the probate court of Arkansas in this matter either by the laws of Arkansas or Oklahoma. Apel v. Kelsey, 52 Ark. 341, 12 S. W. 703, 20 Am. St. Rep. 183; section 34, art. 7, Constitution of Ark.; Daugherty et al. v. Feland. 59 Okla. 122, 157 Pac. 1144; Blackwell et al. v. McCall, 54 Okla. 96, 153 Pac. 815.

That part of the answer which alleged that the administrator had since his appointment moved from the state of Arkansas to the state of Oklahoma, and thereby forfeited his letters of administration di not state a defense. and there was no error in the action of the trial court in sustaining a demurrer thereto. The removal from the state did not eo instanti vacate the letters. It was necessary that an order be entered by the probate court of Arkansas upon a proper motion being filed to revoke said letters. The removal from said state furnished a ground sufficient to warrant the probate court in making an order revoking and vacating said letters, but the removal alone did not operate ipso facto to vacate and revoke said letters. The allegation was fatally defective in that it failed to allege that a motion had been filed in the probate court of Arkansas to revoke said letters of administration and an order entered sustaining said motion. McCreary v. Taylor, 38 Ark. 393; Warren, etc., v. Walrop, 93 Ark. 127, 123 S. W. 792.

The next error urged for a reversal is that the court erred in admitting incompetent, irrelevant, and immaterial testimony offered on the part of plaintiff.

The particular testimony against which this objection is urged is the testimony of Dr. J. R. Wayne and D. E. McDonald.

Dr. Wayne was called as an expert to testify as to the probable effects that the injuries alleged to have been sustained by Mrs. Pitchford would have on a woman such as Mrs. Pitchford was. While the questions and answers are purely academical, yet it cannot be said that any of them are prejudicial. Drs. Davenport and Routh both appeared as witnesses and testified for plaintiff. They were the physicians who treated Mrs. Pitchford, and the jury was well advised as to the exact nature and extent of the injuries, and we are not inclined to think that the testimony of Dr Wayne materially added to or detracted from the testimony given by the attending physician.

The witness D. E. McDonald was called as an expert railroad man for the purpose of proving the duty that a common carrier owes to passengers. This testimony is subject to all the criticism urged against it. It was not admissible, and should have been excluded, but from a reading of the entire record we cannot conclude this testimony could have influenced the jury in reaching a verdict. The witness was not present and knew nothing of the facts. There were a number of eyewitnesses who appeared and testified. The testimony of McDonald proves nothing, and in view of the fact that there is ample evidence and testimony to support the verdict and judgment. we are not at liberty to reverse this cause merely for the reason that a witness who knew nothing of the material facts in the case appeared and gave his opinion upon a matter concerning which the jury was the sole and exclusive judge. Before we would be warranted in reversing this cause,

it must appear from the entire record that on account of the admission of such evidence that there has probably been a miscarriage of justice. This we cannot do, nor is any such contention urged by counsel for defendant. Chicago, R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 Pac. 517, L. R. A. 1917D, 666.

The next error assigned is that the court erred in giving instructions Nos. 3, 4, and 5 in his general charge to the jury.

"(3) A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill. Therefore, under the law, if you find that Mrs. Pitchford, in alighting from the defendant's passenger train with ordinary care sustained all or any of the injuries mentioned in the petition by reason of the smallest or slightest negligence of the defendant in all or any of the acts alleged as negligence, your verdict should be for the plaintiff,

(4) As a public carrier of passengers the defendant was not an insurer of the safety of Mrs. Pitchford while a passenger against all hazards and possibilities of injury, but the law holds the defendant, as such public carrier, to have been the insurer of her absolute safety from any or all of the injuries, if any mentioned in the petition, caused by the smallest or slightest negligence, if any, in all or any of the acts charged as negligence in the petition, unless you should find that Mrs. Pitchford was guilty of contributory negligence as hereinafter defined and explained."

"(5) If you find that Mrs. Pitchford, in alighting from the defendant's train with ordinary care, sustained all or any of the injuries mentioned in the petition, this makes a prima facie case of negligence against the defendant, and the law raises the presumption that the plaintiff is entitled to recover. This presumption would not be conclusive, but would shift the burden of proof from the plaintiff to the defendant to show by a preponderance of the evidence that the defendant was not guilty of the smallest or slightest negligence in any of the acts charged as negligence in plaintiff's petition; and if defendant should fail to meet this requirement of the law, your verdict should be for the plaintiff."

It is urged that the foregoing instructions place a higher degree of care on the defendant than the law imposed. The case of St. Louis & San Francisco Railroad Co. v. Fick, 47 Okla. 539, 149 Pac. 1126, is cited as authority for this contention. An examination of the rule announced in the Fick Case discloses that the doctrine announced therein has no application to the facts in this case.

The rule in the Fick Case has application to the degree of care required in keeping the platform and premises in a suitable and safe condition.

The particular act of negligence urged in the instant case is that, while Mrs. Pitchford was standing on the car steps and in the act of alighting, a brakeman of said train, who was standing directly in front of Mrs. Pitchford, and who was assisting her in alighting, directed the train to start, and when said train started the brakeman caught hold of the hand of Mrs. Pitchford and jerked her from the steps of the passenger car. In the former opinion in this case this was held to be negligence per se. The sudden starting of the train while Mrs. Pitchford was alighting and jerking her off the steps are the particular acts of negligence on which this cause was tried. Hence the rule announced in the Fick Case, supra, has no application here.

We are inclined to the view that the facts in this case bring it within the rule announced in the case of Chicago. R. I. & P. Ry. Co. v. Dizney, 61 Okla. 176, 160 Pac. 880, and the case of St. Louis & S. F. Ry. Co. v. Nichols, 39 Okla. 522, 136 Pac. 159. The negligence which the jury found to be the proximate cause of the injuries was not a defect in the premises or failure to exercise ordinary care in furnishing a means of egress and ingress, but negligence in the operating of the train on which Mrs. Pitchford was a passenger. We are therefore of the opinion that the foregoing instructions are not subject to the criticism offered.

The last assignment of error is that the judgment rendered by the court is erroneous for the reason that it attempted to fix a lien on the property of defendant for the payment of the judgment.

It was ordered and adjudged by the court that plaintiff should have a lien upon the said railroad, its roadbed, buildings, equipment, income, franchise, right of way, and all other appurtenances of said railroad, superior and paramount, whether prior in time or not, to that of all persons interested in said railroad, as managers, lessees, mortgagees, trustees, and beneficiaries, under trust or otherwise, and it further provided that, if said judgment was not paid in 30 days, one James Baab should be appointed special commissioner to take charge of and sell so much of the property of said defendant as might be necessary to pay said judgment.

We are inclined to think that the trial court possibly exceeded somewhat its jurisdiction in making the foregoing order. So

much of the· judgment as attempted to fix a lien in excess of that provided by the laws of Oklahoma should be set aside and vacated. But this does not require a reversal of this cause. 1 Freeman on Judg. § 120; Koepke v. Dyer, 80 Mich. 311, 45 W. 143; 23 Cyc. 697.

We therefore recommend that said judgment be affirmed, and that the cause be remanded to the district court of Le Flore county, Okla., with directions to modify said judgment in so far is it attempts to fix any lien inconsistent with the lien provided by the laws of Oklahoma.

By the Court: It is so ordered.

### On Rehearing.

RAINEY, J. On rehearing it is insisted by counsel for defendant that the opinion in this case, prepared by Commissioner Davis and adopted by the court, erroneously held that—

"In order to have reviewed the action of the court in overruling the special motion of defendant filed for the purpose of having vacated the order of revivor made on the 11th day of August, 1916, it was necessary to have incorporated this alleged error in the motion for a new trial and a failure to present this question in a motion for a new trial precludes this court from a consideration of this question on appeal."

While we have frequently held that an error occurring on the trial of a cause will not be reviewed by this court unless presented to the trial court in a motion for a new trial, the action of the trial court in the instant case in refusing to set aside the revivor was not an error occurring on the trial of the cause; for, as stated in the opinion, the cause was tried on the 23d day of November, 1916, and the motion to·vacate was presented and overruled on the 17th day of November, 1916. It was therefore unnecessary to incorporate this alleged ground for reversal in the motion for new trial.

But we think the assignment of error is without merit, and that the trial court did not err in overruling the motion to vacate. The record discloses that Mrs. Pitchford, who was the original plaintiff in the action, died on March 24, 1915, and that W. T. Forrester was appointed administrator of her estate on August 21, 1915. A motion to revive the action was filed on March 4, 1916 and on February 28, 1916, Judge Brown, sitting in chambers at Stigler, Okla., signed an order purporting to revive said action in the name of the administrator. On April 3, 1916, the defendant filed its motion to vacate the order of revivor on account of a number of alleged irregularities in·the proceedings to revive, and this motion was sustained on April 13, 1916. On April 15th following plaintiff filed a motion for a new trial on defendant's motion to set aside the revivor, ·which was overruled on the same day. Plaintiff excepted to this action, and was given time within which to make and serve casemade on appeal, but no appeal was taken. Thereafter plaintiff had served on counsel for defendant, who resided in Oklahoma City, a notice that the motion pending in the cause to revive the action in the name of the administrator would be presented to Judge Brown, in chambers at Stigler, Okla., on Monday, July 31, 1916, "or so soon thereafter as said judge may hear said matter." Thereafter, and on August 11, 1916, Judge Brown, sitting in chambers at Stigler, Okla., entered an order reviving the action as prayed.

Counsel contended that when the trial court overruled plaintiff's motion for a new trial on the order setting aside the first order of revivor, the motion to revive was finally disposed of, and, as no further motion to revive was filed, the court was without jurisdiction to enter the second order of revivor. We are not favorably impressed with this contention; for it is our view that the action of the trial court in setting aside the order of revivor for certain irregularities in procuring the same was not a final determination of the plaintiff's right to revive, and left the motion to revive still pending. Moreover, plaintiff's motion for a new trial did not perform any function in the proceedings. A motion for a new trial was unnecessary to present to the Supreme Court on appeal the action of the court in setting aside the order of revivor, because it did not grow out of a contested question of fact arising upon the pleadings. Powell et al. v. Nichols et al., 26 Okla. 734, 110 Pac. 762, 29 L. R. A. (N. S.) 886; Boardman Co. v. Board of Com'rs of Atoka County, 70 Okla. 245, 174 Pac. 272.

So, when the plaintiff, pursuant to said motion to revive, gave the necessary notice that the same would be presented to the trial court, said court still had jurisdiction to hear the matter and to enter the second order of revivor. By failing to perfect the appeal on the order setting aside the first revivor plaintiff, in effect, merely acquiesced in said order, but did not abandon his motion to revive.

Although the last order of revivor was made after notice to the defendant was served on counsel by the deputy sheriff of Okla-

homa county, Okla., in ample time to file objections thereto, the objections made in both of defendant's motions to set aside the respective orders of revivor did not go to the merits of plaintiff's right to revive, nor does the defendant contend that the action is one that could not be revived, and it never at any time filed any pleadings resisting plaintiff's grounds of revivor. We find no substantial error in the granting of the second order of revivor, and the technical objections made in defendant's brief, in our opinion, are not supported by authority or reason.

The other questions urged on rehearing were fully considered by the commissioner, and we concur with his views thereon as expressed in the opinion.

This is the second time this case has been to this court, the plaintiff recovering in both actions, and from an examination of the entire record we believe that substantial justice has been done, and that the judgment of the trial court should be affirmed, as modified in the original opinion.

All the Justices concur, except TURNER and BRETT, JJ., absent.