## MUSKOGEE ELECTRIC TRACTION CO. v. ELSING.

No. 10767—Opinion Filed June 20, 1922.

Rehearing Denied July 11, 1922.

(Syllabus.)

1. **Carriers—Injuries to Passengers Alighting—Street Railway—Instructions.**

In an action for injuries to a street car passenger while endeavoring to alight from the car of the street railway company, where the court instructed the jury that the defendant street railway company owed to its passengers the duty to exercise the utmost care and diligence to afford them a reasonable opportunity to alight in safety from its cars, to stop such cars a reasonable length of time for the purpose, and to ascertain that its passengers who were attempting to alight had alighted from said cars before the same were again started, held, the instruction correctly stated the law defining the duty of the defendant company to its passengers.

2. **Same — Judgment for Damages—Sufficiency of Evidence.**

Record examined, and held, that the evidence reasonably supports the verdict of the jury, and that the judgment should be affirmed.

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Action by Barney Elsing against the Muskogee Electric Traction Company to recover damages for personal injuries to the wife of the plaintiff. Judgment in favor of the plaintiff in the sum of $1,500 and defendant brings error. Affirmed.

J. H. Maxey, Christy Russell, and C. A. Summers, for plaintiff in error.

J. H. Gordon, E. E. McInnis, C. A. Moon, and W. H. Moore, for defendant in error.

KENNAMER, J. The Muskogee Electric Traction Company prosecutes this appeal to reverse a judgment rendered in the district court of Muskogee county on the 29th day of January, 1918, in favor of Barney Elsing in the sum of $1,500 damages alleged to have been sustained by reason of personal injuries received by Jennie Elsing, wife of Barney Elsing, in alighting from one of the street cars of the Muskogee Electric Traction Company in the city of Muskogee.

It appears from the evidence introduced in the trial of the cause that Jennie Elsing, on the 27th day of March, 1917, was a passenger on one of the cars operated by the Electric Traction Company, and on arriving at her destination at the intersection of Caroline and Twenty-First streets in the city of Muskogee, undertook to alight from the car. After she had placed one foot upon the ground and while one foot was upon the step of the car, holding the railing of the car with her hand, the car was suddenly started and she was dragged several feet. That as a result of the accident she suffered serious injuries. That she was confined to her bed for several weeks, and as a result of the injuries the plaintiff incurred considerable expense for medical treatment and attention of Mrs. Elsing.

This action was instituted by Barney Elsing, husband of Jennie Elsing, as plaintiff, who appears here as defendant in error, and the Muskogee Electric Traction Company as plaintiff in error. We shall refer to the parties as they appeared in the trial of the cause.

The first assignment of error argued by the defendant traction company is that the trial court erred in giving to the jury the following instruction:

"You are instructed that the defendant owed to its passengers the duty to exercise the utmost care and diligence to afford them a reasonable opportunity to alight in safety from its cars, to stop such cars a reasonable length of time for the purpose, and to ascertain that its passengers who

were attempting to alight had alighted from said cars before the same were again started. And if you find from a preponderance of the evidence that plaintiff's wife was a passenger upon defendant's car, as set out in his petition, that the defendant owed to her the duty as above set out."

Counsel for the defendant in their brief state:

"It will be observed by this instruction that the court placed an absolute duty on the defendant to ascertain that passengers who were attempting to alight had in fact alighted before again starting the car. Our contention is that the traction company was only bound to exercise the highest degree of care consistent with the proper transaction of the company's business. And whether or not the circumstances in this case showed that this degree of care had or had not been exercised, was a question of fact for the determination of the jury. The standard of duty is not fixed, but shifts with the circumstances of the case."

Counsel admit that the defendant company owed Jennie Elsing, the injured passenger, the highest degree of care consistent with the proper transaction of the company's business.

Upon a careful consideration of the instruction complained of we are unable to perceive wherein the trial court placed any greater duty upon the defendant than is admitted by counsel for the defendant that it owed to a passenger upon its cars. The court used the phrase, "that the defendant owed to its passengers the duty to exercise the utmost care and diligence"; then follows the purpose in plain language for which its utmost care and diligence must be exercised, to afford the passengers a reasonable opportunity to alight in safety from its cars, to stop such cars a reasonable length of time for the purpose. Also its utmost care and diligence must be exercised to ascertain that its passengers who were attempting to alight had alighted from said cars before the same were again started. We are unable to conceive of any language the court could have used to make plainer or to define the duty of the defendant company to its passengers.

This instruction is not susceptible of the construction placed upon it by counsel for the defendant, that the court by this instruction told the jury that the defendant must avoid injury to a passenger attempting to alight from its cars. The court did tell the jury what the duty of the company was towards its passengers, and then concluded the instruction by instructing the jury: If from a preponderance of the evidence you find that the plaintiff's wife was

a passenger upon the defendant's car, as set out in the plaintiff's petition, the defendant owed to her the duty as above set out. While it is true in this class of cases, most of the authorities use the phrase, "highest degree of care" in defining the duty of carriers of passengers for hire instead of the phrase "utmost care and diligence," however, it is apparent that there is no material difference in the language used in the two phrases, and quite a few authorities have approved the phrase "utmost degree of care and prudence," as correctly defining the duty of a carrier towards its passengers. Illinois Central R. R. Co. v. Kuhn, 107 Tenn. 106, 64 S. W. 202; Kennon v. Gilmer, 5 Mont. 257, 5 Pac. 817, 51 Am. Rep. 45; Osgood v. Los Angeles Traction Company (Cal.) 70 Pac. 169, 92 Am. St. Rep. 171; Dillingham v. Wood, 8 Tex. Civ. App. 71, 27 S. W. 1074; Hucke v. Milwaukee City Ry. Co., 69 Wis. 401, 34 N. W. 243.

But in this state, under section 800 of Revised Laws 1910, the duty of a common carrier for hire is defined in the following language:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

This court, in the case of Chicago, R. I. & P. Ry. Co. v. Dizney, 61 Okla. 176, 160 Pac. 880, approved an instruction given by the trial court containing the identical language used in the instruction herein complained of.

In the case of Caughell v. Indianapolis Traction & Ter. Co. (Ind.) 97 N. E. 1028, the court held:

"Employes of street railways must use the highest degree of care to see and know that no passenger is alighting from a car before putting it in motion, but they are not absolutely required to see and know that fact."

We are clearly of the opinion that the instruction complained of correctly stated the law applicable to the evidence introduced at the trial and there is no merit in the contention of counsel for the defendant that the instruction given constituted reversible error.

It is contended by counsel that the court committed reversible error in submitting to the jury the right of the plaintiff to recover for expenses incurred in sending his wife to Colorado for the benefit of her health. It is urged there is no evidence in the case

that would warrant a recovery for such expenses, and that such damages are remote and speculative. The evidence of the plaintiff showed that he sent his wife to Colorado soon after she was able to be out of the bed, on the advice of her attending physician. It is true the evidence is not very definite as to whether the wife of the plaintiff was sent to Colorado in order to receive proper treatment for the injuries which she sustained as a result of the accident, but the instruction of the court complained of advised the jury that, should they find from the evidence and the instructions given that the plaintiff was entitled to recover, in arriving at the amount of the recovery they should take into consideration the amount reasonably expended or incurred by the plaintiff for medical attention, including the amount expended for doctors, medicine, nurses, and the expenses of any traveling rendered reasonably necessary on account of said injuries. This instruction fairly stated the law applicable to the evidence introduced at the trial.

We are of the opinion that there was sufficient evidence and circumstances introduced in the trial to support the verdict of $1,500 rendered by the jury. If the jury in fact allowed anything for the trip to Colorado, it was a very small per cent. of the verdict, and the evidence being sufficient to support the verdict rendered, in this situation we will not disturb the verdict. The trip to Colorado was made on the advice of a physician, and the plaintiff only asked for an allowance of $100 in his petition for this trip. Many authorities support a recovery for expenses incurred in traveling to distant places for proper medical treatment. If there is any evidence in the record from which the jury may reasonably infer that such treatment was reasonable and proper under the circumstances, the verdict should not be disturbed. Hart v. Charlotte C. & A. R. Co., 33 S. C. 427, 12 S. E. 9, 10 L. R. A. 794; Sherwood v. Chicago & W. M. Ry. Co. (Mich.) 46 N. W. 773.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and NICHOLSON, JJ., concur.