Grace **WILLIAMS**, Plaintiff in Error,

v.

M&x David **ZACHARY**, Independent Executor of the Estate of Frank Zachary, Deceased, Defendant in Error.

No. 42187.

Court of Appeals of Oklahoma
Division No. 90.
Nov. 21, 1969.

Jack L. Rorschach, Vinita, for plaintiff in error.

J. Duke Logan and Richard Lowry, of Pitcher, Logan & Lowry, Vinita, for defendant in error.

HARRIS, Judge.

Suit upon promissory note resulted in judgment for David Max Zachary, Independent Executor of the Estate of Frank Zachary, deceased. The parties will be referred to as they appeared in the Trial Court.

Defendant made a promissory note in favor of Frank A. Zachary, when both were residents of Texas. Frank A. Zachary died, and David Max Zachary was appointed Independent Executor of the Estate of Frank A. Zachary, deceased, in the County Court of Deaf Smith County, Texas. In the County Court of Craig County, Oklahoma, the First National Bank and Trust Company of Vinita (Oklahoma) was appointed Administrator With Will Annexed of the Estate of Frank A. Zachary, deceased. The proceedings in Craig County, Oklahoma, were in the nature of ancillary probate proceedings due to the deceased having owned certain real estate in Craig County, Oklahoma.

Defendant complains that the plaintiff had no capacity to bring the suit. In the trial court, she argued that the proper procedure would have been to re-open the Ancillary Probate case in Craig County, Oklahoma, and allow the First National Bank and Trust Company of Vinita to bring the suit. That contention having been overruled by the Court, the defendant now contends that the suit could only be brought by the heirs of the deceased, since distribution had been made to the heirs of Frank A. Zachary, deceased, in the County Court of Craig County, Oklahoma, and the proceedings had been terminated. She reasons that since the promissory note was not listed in the Inventory

and Appraisement, or the Final Decree of Distribution, in the Craig County probate case, title nevertheless passed to the heirs or legatees of the deceased. It is noted that the probate proceedings in Texas had not been completed, and the Independent Executor had not been discharged.

A foreign executor is specifically and expressly authorized to maintain an action in Oklahoma (58 O.S.1961, Sec. 262) without joining, as parties plaintiff, the persons for whose benefit the suit is prosecuted (12 O.S.1961, § 223).

 The promissory note, being personal property, and situate in Texas, was not a part of the subject matter of the ancillary proceedings in Craig County, Oklahoma, but was subject to the jurisdiction of the Probate Court in Texas. A foreign administrator moving to Oklahoma may maintain a suit in this state. Chicago, Rock Island and Pacific Railway Company v. Forrester, 72 Okl. 8, 177 P. 593, 8 A.L.R. 163.

 The defendant next complains that the Trial Court erred in refusing to admit in evidence the Inventory and Appraisement of the Ancillary Probate Proceedings, thus allowing defendant to show that the note sued upon was not listed, and raising the inference that it did not exist.

Since we have concluded that the promissory note was not a part of the Ancillary Probate proceedings in Craig County, we must also conclude that it was properly omitted from the Inventory and Appraisement. Therefore the Inventory and Appraisement would have no probative effect, and was therefore properly excluded.

Defendant contends that the Trial Court committed error in refusing to dismiss the case when the evidence showed that David Max Zachary was a resident of Marietta, Oklahoma, on the date the suit was filed, for the reason that there was no compliance with the intangible tax statutes of Oklahoma. Defendant cites the statute

(68 O.S.1961, § 1504, now § 2504) which provides that personal property under the control or management of any executor, administrator, trustee, or other fiduciary residing in this state shall be deemed to have a taxable situs in this state.

The same statute further provides that such personal property shall not be subject to the tax levied (intangible property tax) if it had acquired a business or taxable status in some other state. 60 O.S.1961, § 311, provides that personalty is governed by the domicile of its owner. The evidence clearly shows that the promissory note was owned and held by Frank A. Zachary, a resident of Texas, during his lifetime and that after his death, David Max Zachary, then a resident of Texas, was appointed Independent Executor of the estate of the deceased by a Probate Court of Texas. David Max Zachary moved to Oklahoma approximately October 26, 1965. This suit was filed on the same date.

 We are of the opinion that the promissory note in question had a taxable situs in Texas, and acquired no taxable situs in Oklahoma, notwithstanding the executor having moved to Oklahoma. Glen v. Buck, Okl., 272 P.2d 573. Further, if it acquired such status, it would not have done so until approximately October 26, 1965. Rutter v. Heatley, 198 Okl. 591, 180 P.2d 822. Therefore, plaintiff was not required to prove compliance with the intangible property tax act. Lloyd v. Midwest Publishing Company, Okl., 301 P.2d 663.

A review of the evidence discloses that it is sufficient to support the finding and verdict of the jury that there was consideration for the making of the promissory note by the defendant. Brown v. Reames, Okl., 364 P.2d 906.

The judgment of the Trial Court is affirmed.

BERRY, P. J., and MILLS, J., concur.