Judge Nicholas
delivered the Opinion of the Court.
Samuel E. Shaw died possessed of some real estate and personalty, to the amount of about four thousand dollars. By his will, he directed, that all the property he had received by his wife, should be restored to her, and that his executors should purchase for her a gig and harness of the value of three hundred and fifty dollars. After making some specific legacies, he devised the rest and residue of his estate, real and personal, to his brothers and sisters. What he had received by his wife, was a young slave and some personal effects to the amount of one hundred and fifty dollars. After his death, his widow, without making any renunciation of the provision made for her by the will, filed her bill against the executors and devisees, claiming an allotment of dower out of the real estate, and there being no child, one half of his personal estate, in addition to the be* quest made her by the will.
Where there is a dev.ise of real estate to a wife, without any declaration in the will, that it is to be in lieu of .dower, she is not put to an election;butmay take both devise and dower. ■But, as to the husband’s personal estate— her right to distribution depending on his dying intestate— she cannot take under fy against the will ; she must make her election, within the time (12 months) allowed by law, and cannot come in for a distributableshare, unless she renounce»' entirely the provision made for her by the will.
The circuit court decreed dower to her out oí! the real estate, and ordered the executors to distribute to her, one half of the personal estate, in addition to the donation made by the will. The widow having died, the devisees prosecute this writ of error against her administrator, to reverse the decree.
This proceeding in behalf of the widow, appears to have been instituted, and the decree rendered under a strange misconception of the character of a widow’s right lo a distributable share of her husband’s estate, and under the supposition, that it stood upon the same footing with her claim to dower out of his- real estate. Her claim to a half of the personal estate, was supposed to be analogus to that class of oases where the husband devises a part of his estate to his wife, but without any expressed intention that it shall go in lieu of dower, in which the courts have refused to put her to an election, to take, either her dower, or the devise. Her claim to dower is wholly independent of the fact whether the husband died intestate or not, and the law secures dower to her out of his real estate, though he may have devised the whole of it away. Her claim to any distributable share of his personal estate, is entirely dependent upon his dying intestate. , It is in that event alone, that the statute of distributions gives it to her. So that when the husband devises away his whole personal estate, there can arise no question of intention upon the construction of the will, to ascertain whether he meant any provision made for her by the will, to be in lieu, or bar of her distributable share of his personal estate. She has no power, such as she has in regard to dower proper, to take both under the will and against it, so as to raise a question whether she shall be driven to her election.' The only mode by which she can obtain any portion of the personal estate, where it has been devised away, is by renouncing absolutely all provision made by the will for her benefit, in the manner pointed out by the statute. Subject to this right of renunciation, the husband’s power over his personal estate, to devise it, is plenary, and not at all shackled, as his real estate is', with her paramount right of dower.
In England, if the husband dies intestate as to a part only of his. personalty, a share of that part goes to the widow; though she takes a devise also. Query — whether it can be so, under the statute of this state.
'Ehe inadequacy of a1 provision made for a widow, by the will of the husband, does not authorize a decree in hpr favor, for dower or distribution, unless she has duly renounced the provision made for her by the will.
The filing of s hillbyawidow, for dower fyc. is not equivalent to a renunciation of the provisions of the will; the renunciation must be made in the-mode,and within the time, re» quired' by the-statute.
In England, where the husband dies intestate as to a part of his personal estate, his widow is entitled to a distributable share of such part, unless it appears from the face of the will, that the provision made for her by it, was intended to be in lieu of all such claim. It is very questionable, however, whether the twenty fourth section of our statute concerning wills, has not cut off all such claim, unless she makes her renunciation. But that question does not properly arise in this case, as the whole estate is devised.
It was contended in argument, that the bequests to the wife, in this case, were so inadequate, that they could not be viewed in the nature of a provision for her. ■ It would be difficult to maintain the argument, that a devise of five or, six hundred dollars-worth of property, was no provision for the wife, within the contemplation of the legislature ; but, concede that it is not, what then ? Would that dispense with the necessity of her making the required renunciation ? We think not. The husband did not die intestate as to any part of his estate, and it is only in the event of his intestacy as to some part of his personal estate, that the law gives her any distributable share of it. Besides it was not alone for the purposp of divesting her of any interest she might have under the will, that the law required her renunciation ; but for the sake of distributees and legatees, in order that there might be a speedy adjustment and distribution of a decedent’s estate, she was required, within a reasonable time, to make manifest her determination not to'abide by the will.
No aid can be derived to the complainant’s case from the fact, that her bill was filed, before the twelve months allowed for making her renunciation had elapsed. It is sufficient to say, that this is not .the mode of renunciation pointed out by the statute, and we have no power to adopt a substitute'. But she does not, by her bill, manifest any intention to renounce, even in the event the court should think she would not otherwise be entitled to a share of the personalty; 'and the court could not undertake to elect for her, under a mere supposition as to what would be fiio.st for her advantage.
*344 The decree, so far as it provides for the allotment of dower, to the complainant out of the real estate, and the payment of the devise made her by the will, must be affirmed ; but so far as it directs a distribution to her, of a mojety of the personal estate not devised to her, it must be reversed, with costs, and the cause remanded, for a decree to be entered in bar of her claim therefor.