## PUMPHRY v. PUMPHRY.

1. DOWER: *Provision in lieu of: Widow's election.*
  Sections 2583, 2584 Mansfield's Digest, providing " that if land be devised to a woman, or a pecuniary or other provision be made for her by will in lieu of dower, ' she shall be deemed to have elected to take such devise or provision, unless within one year after the death of her husband she shall enter on the lands to be assigned for dower, or commence proceedings for the recovery or assignment thereof,' " apply to all cases where a settlement upon the wife is made by the husband other than by will, whether of lands or personalty, or where personalty is bequeathed by him in lieu of dower, or where land is devised, or a jointure or other provision in lieu of dower is made for the wife by another than the husband.   In either of such contingencies, the widow's intention to renounce the provision made for her in lieu of dower, must be evinced within twelve months after the husband's death and in the manner required by section 2584.

2. SAME: *Same.*
  But where lands of which the husband dies seized are devised by him to the wife, or where he devises lands to her and also bequeaths to her personal property, she may in either of such cases make her election between the testamentary provision and dower, and by a deed of release executed to the heirs, renounce the benefits of the will, at any time within eighteen months after the husband's death, as provided in sections 2594–2598.
  LII.—13.

APPEAL from *Grant* Circuit Court.

J. B. WOOD, Judge.

By the will of Nathan Pumphry, he devised to his widow, the appellee, eighty acres of land, which was his homestead, or a part of it, for her natural life or during widowhood. The widow, after the death of her husband, remained on the land thus devised, and sixteen months thereafter executed, as required by law, a deed by which she released to the heirs of her husband, all her rights to said property under the will. She then filed a petition in the Probate Court for dower. She claims that she is entitled to occupy the homestead, and also to dower in the other lands and in the personal property. On appeal to the Circuit Court, the relief prayed for in the petition was granted, and from the judgment there rendered against the defendants, they have prosecuted this appeal.

*Thomas B. Martin*, for appellants.

The will does not in express terms declare that its provisions are in lieu of dower, but it disposes of all the testator's property; the inference that he intended her to have the provision and dower also is excluded. *29 Ark., 428; Scribner on Dower, 455 et seq.*

The apparent conflict between sections 2584 and 2598 is only apparent. The former fixes the time within which she must make her election, and the latter only fixes a period within which she shall convey the real estate.

The opinion as to the time in *19 Ark., 424*, is *obiter dictum*. That question was not in the case, but in *Sigler v. Bolton, 29 Ark.*, that was *the* question, and it was held the widow must elect within one year. See *29 Ark., 429*, citing *35 Barb., 482; Scribner on Dower, 473*.

*Ratcliffe & Fletcher*, for appellee.

The sections were all enacted at the same time by act February 28, 1838. *Rev. St., ch. 52.* They evidently provide for an election in two classes of cases, one to be made in twelve,

the other in eighteen months. Otherwise they are irreconcilably in conflict. They cannot be reconciled on the theory that the first refer to the *election*, which must be followed as provided in the last by the execution of a deed, etc. By section 2584, an entry or suit is all that is necessary, and this was all required at common law. *2 Hawkins (N. C.), 375.* But why provide then in section 2597 that "such renunciation by deed," etc., "shall be deemed sufficient notice." The entry or suit would be notice, and there would be no necessity for further provision; or why provide in section 2598 that unless such renunciation be made within eighteen months, the widow *will be deemed to have elected* to take under the will, etc.

The late Jabez M. Smith, counsel for appellee, in a brief prepared in this case, contended that the first sections applied to the modern jointures, or jointures made either by the husband or others in lieu of dower, and the latter sections to devises by the husband to his wife, *citing Bright on Husb. and Wife, vol. 1, pp. 321, 329, 408, 295, 296, 433–4, etc., etc.; Black. Com., book 2, side pp. 129, 132, etc., 515, 516, etc.; 27 Hen., VIII, c. 10, sec. 6; Scribner on Dower, ch. 15, p. 370, note 6, 372, 373, note 15, etc.; Bright H. and W., pp. 413 to 467, 546 to 557, etc.; 29 Ark., 422; 19 Ark., 424.*

Section 2594 creates a new rule by which dower is barred, and there is reason for longer time to elect.

In this case there was no necessity for an election at all. The will only gave the widow part of the homestead for life or widowhood; this was not his to give. Under our laws she was entitled to this and much more. There is nothing in the will to exclude the idea of dower. A devise of "all my estate" is not inconsistent with dower, for dower is the wife's estate and not the husband's; it is an incumbrance on his property. *Stewart on H. and W., sec. 274; 10 Paige, 266, 272–3; 5 Johns. Chy., 489; 5 Selden, 502; 2 Denis, 430; 2 How. (Miss.), 692; 1 Wash. R. P., 320, 322.*

COCKRILL, C. J. The controlling question on this appeal is, whether a widow to whom lands of which her husband died seized have been devised and personal property bequeathed by the husband, must, if she desires to take dower under the statute, make her election to do so by entering upon the land to be assigned as dower, or by bringing suit for its assignment within a year after the death of her husband, as provided by sections 2583, 2584 Mansfield's Digest, or whether she may do so by executing to the heirs a deed of release and quit-claim of the lands devised within eighteen months after his death, under authority of sections 2696–8?

The case comes within the terms of either set of provisions, if we look to one without recurring to the other, and the question is, how shall the statute be construed when all are viewed together?

Both the twelve and eighteen month limitations are found in the fifty-second chapter of the Revised Statutes of 1838, under the title of "Dower." As the chapter was never published in the session acts of the Legislature, we take it to be one of those enacted by the General Assembly at the suggestion of the revisers, who were appointed to prepare a code of civil and criminal laws under the act of October 6, 1836.

The first seventeen sections, including the twelve month limitation in question, were copied without material change from the Revised Statutes of New York. They prescribe what lands the widow shall be endowed of, and then provide that if land shall be given or assured in jointure to an intended wife, or a pecuniary provision made for her in lieu of dower, to which she assents in the manner pointed out by the statute, she shall not be entitled to dower in his lands. *Mansf. Dig.*, *secs. 2579, 2781.* It is then provided that if the jointure or pecuniary provision in lieu of dower, is made without the woman's assent before marriage, or if made after marriage, she shall have the right to elect whether she will take dower in the lands, or the provision that was intended to be in lieu of it.

*Mansf. Digest, sec. 2582.* Then follows the provisions whith give rise to this appeal, viz. :

" Section 2583. If land be devised to a woman, or a pecuniary or other provision be made for her by will in lieu of dower, she shall make the election whether she will take the land so devised or the provision so made, or whether she will be endowed of the lands of her husband.

" Section 2584. When a woman shall be entitled to an election under either of the two last preceding sections, she shall be deemed to have elected to take such jointure, devise or pecuniary provision, unless within one year after the death of her husband she shall enter on the lands to be assigned to her for her dower, or commence proceedings for the recovery or assignment thereof."

Now, if the land is devised to a woman by her husband, the case will plainly fall within the letter of these provisions, if there is nothing else in the statute to indicate a contrary intention, and she would be required to make her election within twelve months after her husband's death to entitle her to dower. That is the construction the statute has always received in New York.

But provisions were added to our law which are not found in the New York statute, and which do not readily harmonize with all that we had borrowed from it, and from that cause confusion arises.

Personal property was not the subject of dower at common law, and the New York statute did not extend the right to that species of property. For that reason the provisions in relation to the widow's election, which we borrowed from the New York statute (which was in turn founded on the statute of *27th of Henry VIII, 4 Kent Com., 56*), do not profess to bar dower on failure to renounce the will, in anything except lands. But in our act provision was made, subsequent to these sections, for dower in personal property.

Pumphry v. Pumphry.

It was further provided that if the husband should devise land or bequeath slaves to his wife, and die seized thereof, the provision should be taken in lieu of dower unless the will declared otherwise; and the bar was not limited to dower in lands, but plainly extends to every species of property of which the widow may be endowed. But since personalty has been made the subject of dower, doubtless an equitable estoppel would arise to the claim of dower in personalty under sections 2582-3, as well as under the subsequent sections. This would be in analogy to the relief given by the courts of chancery from the strict legal construction of the statute of 27th Henry VIII.

The statute, instead of vesting the widow's right to elect between the land or slaves offered by the husband's will and her right to dower, upon the general provisions of sections 2583-4, which were broad enough to cover it, specifically prescribes a different time and mode by which she shall evidence her dissent in such cases.

It was to be done within eighteen months after the death of her husband, by executing to the heirs a deed of release and quit-claim of the lands and slaves provided for her by the husband's will (sections 2594-8). Recording the deed was declared to be notice of the widow's renunciation of the provisions of the will.

The abolition of slavery has removed the only species of personal property to which these provisions of the statute related, and a devise of lands is all that is now embraced within their terms.

DOWER: Provisions in lieu of: Widow's election.

We have then two several provisions of the same act, apparently prescribing different limitations, within which the widow may make her election to take dower instead of the benefits of the will. It is argued that the provisions may be reconciled by construing the twelve month limitation as prescribing the period within which the widow must manifest her election to take dower by entry or suit, and the second as allowing her

the full period of eighteen months within which to execute to the heirs a release of the lands devised to her. The result of that construction would be only to make a failure to execute the deed within eighteen months revoke a previously declared renunciation. But the statute manifestly intends that executing and recording the deed in the manner and within the time prescribed by the statute, shall in itself constitute a complete renunciation of the benefits of the will. If it is necessary that the execution of the deed of release should be coupled with the entry or suit prescribed by section 2584, in order to perfect a renunciation, why prescribe that the filing of the deed for record should be notice of the renunciation? The entry or institution of suit, which, it is argued, are the only evidence of renunciation, would be notice in themselves. As if to emphasize the fact that the execution of the deed in the manner and time prescribed by the statute should be regarded as a renunciation, and to distinguish it from the other methods prescribed in section 2584, the statute denominates it a " renunciation by deed" in sections 2597-8.

But renunciation by deed is confined by the terms of the statutes to a *devise* of *lands by the husband* to the wife. If a settlement is made by the husband upon the wife other than by will, whether of lands or personalty, or if personalty is bequeathed by the husband to the wife in lieu of dower; or if land is devised, or a jointure or other provision in lieu of dower is made by another than the husband, such as would put the widow to her election under the English statute (conditions not likely now to arise), the limitation of twelve months on the right of election is the only one found in the statute to govern, and the intention to renounce the provision made in lieu of dower in either of these contingencies, should be evinced within the time and in the manner pointed out by section 2584. The unambiguous specific direction of the statute as to the time and manner of making the renunciation when the husband devised land to the wife, is inconsistent with the

previous general provision as to election contained in that sec-
tion, and to that extent the general provision must yield to the
special.    But as the former covers a wider range than the latter,
both may stand and have operation in the manner indicated.

2. SAME:
Same.        It follows that when lands of which the husband died seized
are devised by him to his wife, the widow may within eighteen
months after his death make her election between the testa-
mentary provision and dower.

As one year is the limitation where the testamentary pro-
vision of property other than lands is intended to stand in lieu
of dower, what shall be the limitation where the husband de-
vised and bequeathed lands and personalty, as was done in this
case ?

The widow renounced the provisions of the will by exe-
cuting to the heirs a deed which was acknowledged and re-
corded sixteen months after the death of her husband.   The
Circuit Court declared that her election was in time.

That conclusion follows from the construction we have
placed upon the statute.   When the widow is put to her elec-
tion between her husband's devise and her dower, she must re-
nounce all the provisions of the will if she wishes to take
dower.   She cannot take the bequest under the will and get
dower in the lands, or hold the lands under the will and get
dower in the personalty.   *Bolton v. Seigler, 29 Ark., 429.*

If compelled to make her election as to the bequest within
twelve months, she would be debarred of the eighteen months
privilege which the statute grants her.   Her right to dower in
lands is certainly of equal dignity with her dower right in
personalty, and there is nothing in the act from which we
should conclude that it was the intention of the Legislature
to abridge the former right merely because a bequest of per-
sonalty is coupled with the devise of land.

The provisions of the statute have heretofore been ad-
verted to by the court, but no attempt has been made to recon-

cile them. *Bob v. Powers in the 19th Ark.* is the first case in which either provision is mentioned.

That was a suit by a negro for his freedom, determined in 1858. His claim of manumission rested in part upon a will. The point settled by the court was that the executor should hold the slave until the time for the widow's election to renounce a legacy left her by the will had expired. The opinion says that eighteen months is the period allowed for that purpose, but the time within which the election should be made was not material in that case, one year from the death of the testator not having expired when the cause was tried in the Circuit Court, and more than eighteen months having elapsed when it was remanded for a new trial by this court. It was not essential, therefore, for the court to compare the two provisions and ascertain which should govern, and the one year provision was not adverted to.

In the case of *Bolton v. Seigler, 29 Ark., 418*, on the other hand, the court regarded the twelve month limitation as applicable to the case of a pecuniary provision for the wife made by the husband's will in lieu of dower. The case is in consonance, we think, with the meaning of the statute on that point. The judgment will be affirmed.