LUCAS *v.* LACY.

Opinion delivered June 29, 1925.

WILLS—WIDOW'S RENUNCIATION OF WILL.—Under Crawford & Moses'
Dig., § 3540, providing that a widow renouncing a will shall con-
vey by deed of release and quitclaim to the heirs of her husband's
estate, *held* that a deed of quitclaim by a widow to the heirs
of her husband and his devisees, including such of her collateral
heirs as were named as devisees, was insufficient as a renuncia-
tion of the will.

Appeal from Logan Circuit Court, Southern Dis-
trict; *James Cochran*, Judge; affirmed.

STATEMENT BY THE COURT.

Mrs. R. A. E. Lucas filed a petition in the probate
court against the heirs of Isaac J. Lucas, deceased, to
have dower allotted to her in his estate.

Isaac J. Lucas and his wife, Mrs. R. A. E. Lucas,
were married to each other in 1872 in what is now the
Southern District of Logan County, Ark. Isaac J.
Lucas died testate on the 14th day of June, 1922, leaving
surviving him his widow and certain collateral heirs.
He died possessed of both lands and personal property.
By his will he directed that his wife should have the use
and benefit of all his property, both real and personal,
during the balance of her life. At her death he directed
that the balance of his personal property and all of his
real estate should be divided in the manner designated
in the will between his collateral heirs and the collateral
heirs of his wife. The will was executed on the 26th
day of June, 1919, and Isaac J. Lucas died in the South-
ern District of Logan County, Ark., on the 14th day of
June, 1922. On the 20th day of April, 1923, Mrs. R.
A. E. Lucas executed a deed of release to the heirs of
Isaac J. Lucas, deceased, and the devisees named in
his last will and testament, to all the right, title and
interest devised to her under said will. The lands are
specifically described in the deed, and it was duly
acknowledged before a notary public on the day of its

execution. The deed was delivered to her nephew, who was also one of the executors under the will.

Mrs. Lucas filed her petition for dower in the probate court on the 17th day of April, 1923. Dower was allotted to her by the probate court, and the heirs of Isaac J. Lucas, deceased, duly prosecuted an appeal to the circuit court. There the case was heard upon the facts above stated.

It was further shown that the lands of Isaac J. Lucas were rented to a nephew of Mrs. Lucas for $525 per year, and that he was in possession of said lands under his lease when Isaac J. Lucas died. He continued in possession of the lands after Lucas' death, and was in possession of them at the time this suit was commenced. Mrs. Lucas intended to abide by the provisions of her husband's will, but changed her mind and undertook to claim dower under the statute because the heirs of her deceased husband were notifying the tenants not to pay rent on the lands to her, and were also attempting to interfere with her possession of the personal property.

The circuit court found that the petitioner had not made her renunciation of the will in the manner provided by statute, and it was adjudged that her petition should be dismissed. From the judgment rendered, Mrs. R. A. E. Lucas has duly prosecuted an appeal to this court.

*Kincannon & Kincannon,* for appellant.

*Evans & Evans,* for appellee.

HART, J., (after stating the facts). The widow filed her renunciation of the will within the time prescribed by statute, and the correctness of the judgment of the circuit court depends upon the construction to be given to the statute as applied to the facts of the case at bar.

Sec. 3540 of Crawford & Moses' Digest reads as follows: "If a widow, for whom provision has been made by will, elect to be endowed of the lands and personal

property of which her husband died seized, she shall convey, by deed of release and quitclaim, to the heirs of such estate the land so to her devised and bequeathed, which deed shall be acknowledged or proved and recorded as other deeds for real estate are required to be acknowledged or proved and recorded.''

The record shows that Isaac J. Lucas died on the 14th day of January, 1922, and that Mrs. Lucas, his widow, executed the deed of release on the 20th day of April, 1923. The grantees in the deed of release and quitclaim are the heirs of Isaac J. Lucas and the devisees under his last will and testament, who are specifically named as grantees.

The statute provides that the widow shall convey by deed of release and quitclaim to the heirs of her husband's estate. In the case at bar she not only conveyed to the heirs of her deceased husband, but also to such of her collateral heirs as were named as devisees in the will. This was not the renunciation of the will provided by statute. The object of the Legislature was to compel the widow to make her election to take her dower, instead of the provision made her under the will in lieu thereof, by some method which was plain and could not be misunderstood. The statute prescribes definitely the grantees in the deed, and it appears to have been enacted, not only for the purpose of fixing a definite manner of election, but to provide that the title of the real estate of the testator might be made a matter of record, to the end that those dealing with the property might be advised regarding the title. The will would be a matter of record when it was recorded, and in like manner, if the widow executes a deed of release and quitclaim as provided by the statute, it may be placed of record and thus a complete record of the title is provided for. It was not alone for the purpose of divesting the widow of any interest in the lands she might have under the will that the statute required renunciation, but for

the sake of the heirs of the deceased, in order that they might be advised of her disposition in the matter.

It will be presumed that the devisees under the will would be bound to receive notice in due course of the administration of the estate under the will. Be that as it may, the statute provides that the deed of release and quitclaim shall be executed to the heirs of the estate of her deceased husband, and, this being the mode of renunciation pointed out by the statute, the courts have no power to adopt a substitute. This is the effect of our previous construction of the statute. *Pumphry* v. *Pumphry,* 52 Ark. 193, and *Cooley* v. *North,* 130 Ark. 350.

The effect of our holding is that Mrs. R. A. E. Lucas, as widow of Isaac J. Lucas, deceased, is entitled to the use of all of her husband's property, both real and personal, during her natural life, in accordance with the principles of law laid down in *Galloway* v. *Sewell,* 162 Ark 627.

The result of our views is that the judgment of the circuit court must be affirmed.