RUSSELL et al. v. DAVIDSON.

No. 31389. Dec. 16, 1947.

Rehearing Denied June 22, 1948.

*194 P. 2d 887.*

Hugh M. Bland, of Fort Smith, Ark., Mark E. Woolsey, of Ozark, Ark., and Kelly Brown, of Muskogee, for plaintiffs in error.

Carter & Taylor, of Ozark, Ark., A. E. White, of Poteau, and Chas. G. Watts, of Wagoner, for defendant in error.

LUTTRELL, J.    This action was brought by plaintiff, Mollie E. Conatser, against defendants Harley Russell, W. M. Jones, Jr., and J. R. Davidson, trustees of the estate of M. B. Conatser, deceased, and others. Plaintiff asserted title to an undivided one-half interest in certain lands in LeFlore county, asked for the appointment of a receiver, the quieting and confirming of her title thereto, and for partition.    Her ownership of the property was based upon her alleged election to take under the law, as jointly acquired property, the land involved in this action, instead of taking under the will of her husband, M. B. Conatser, who was the owner of the property in his lifetime.

The defendant trustees, in their answer, alleged that plaintiff had elected to take under the will of M. B. Conatser, deceased, when the same was probated in the State of Arkansas; that by such election she was precluded from asserting any right to elect to take under the law as to the Oklahoma property; that in the proceeding in the State of Arkansas in the probating of the will of M. B. Conatser, deceased, she had acquiesced in the holding of the Arkansas court that the property in question was the property of the estate, or of the trustees thereof, and that by her acts she was barred and estopped from now contending otherwise.   As a further defense they asserted that they as trustees had been in the adverse, exclusive, and uninterrupted control and possession of the property, and rented the same and collected the rents, since May 1, 1925; and that therefore they acquired title by prescription.

The case was tried as one of equitable cognizance to the trial court without a jury, and at the conclusion of all the evidence the trial court rendered judgment for plaintiff, decreeing her to be the owner of a half interest in the property, and entitled to the partition thereof.   From this judgment the trustees alone appeal.   Pending the appeal plaintiff died testate, and the action was revived against the administrator c.t.a. of her estate, who is the defendant in error here.

The sole question presented is whether the judgment of the trial court that plaintiff was the owner of the property involved is contrary to law, or clearly against the weight of the evidence.

Pertinent facts are that the one-half interest in said lands involved in this action was owned by M. B. Conatser, the husband of plaintiff, at the date of his death on April 26, 1925; that at the date of the death of Conatser he had

no living children; that by the terms of his will he devised to the plaintiff his homestead in Arkansas, devised to Will Hill, Harley Russell and Mollie E. Conatser, in trust, all the real estate and residue of his property and estate; instructed the trustees to pay all his just debts and funeral expenses, and thereafter to pay to plaintiff from time to time such sums of money as she might desire for her proper support and maintenance, such payments to be made, if possible, out of the net income of his estate, and directed the disposal of his estate after the death of his wife, and after making certain other bequests which it is unnecessary to here recite.

The will of Conatser was admitted to probate in the probate court of Ozark District, Franklin county, Arkansas, and plaintiff, Will Hill, and Harley Russell were appointed trustees. Within 18 months after the will was admitted to probate plaintiff filed in the probate court a petition for admeasurement of dower to her out of her husband's estate, and the probate court set apart, to her as dower a one-half interest in the lands owned by Conatser in the State of Arkansas. The probate court in Arkansas did not undertake to determine the interest of plaintiff, if any, in the lands in Oklahoma. No proceeding to probate the will was filed in Oklahoma.

The defendant trustees in this court, contend that the action of plaintiff in petitioning for dower, and having dower set apart to her, did not renounce the will of her deceased husband in the manner provided by the laws of Arkansas, and that her failure to make such renunciation of the will in the manner provided by those laws was equivalent to an election on her part to take under the will; that having so elected, she has no interest in the Oklahoma lands, since the will, aside from the homestead, devised no real estate to her, but gave her only a money allowance out of her husband's estate, vesting the title to all his lands to his trustees for the purposes specified in the will, and that thereby title to the land in Oklahoma is vested in

the trustees. In support of this contention they point out that the statutes of Arkansas, by section 4425, Pope's Digest of the Statutes of Arkansas, provide as follows:

"In cases of provision made by will for widows, in lieu of dower, such widow shall have her election to accept the same or be endowed of the lands and personal property of which her husband died seized."

And that section 4426 provides an exclusive method of election if the widow desires to renounce the will, and have an assignment of dower in lieu of its provisions. That section reads as follows:

"If a widow, for whom provision has been made by will, elects to be endowed of the lands and personal property of which her husband died seized, she shall convey, by deed of release and quitclaim, to the heirs of such estate the land so to her devised and bequeathed which deed shall be acknowledged or proved and recorded as other deeds for real estate are required to be acknowledged or provided [prove] and recorded."

They also cite section 4428 of Pope's Digest, as follows:

"Such renunciation by deed shall be executed within 18 months after the death of such husband, or the widow will be deemed to have elected to take the devise and bequest contained in such will."

They assert that this is the only method provided by the statutes of Arkansas for the renunciation of a will and an election to take dower, and that since the plaintiff did not deed to the heirs of her husband the real estate devised to her, namely, the homestead, she is conclusively deemed by operation of law to have elected to take under the will. In support of this contention they cite Lucas v. Lacy, 169 Ark. 145, 273 S.W. 366; Dillen v. Fancher, 195 Ark. 400, 113 S.W. 2d 483, and Shaw v. Shaw, 32 Ky. 341. But there is a vital distinction between those decisions and the instant case. The instant case is a collateral attack upon the judgment of the probate court of Arkansas assigning

dower. The cases above cited were direct appeals from orders refusing to assign dower. For this reason we consider the cited cases inapplicable.

In the Arkansas cases the widow's petition for admeasurement of dower was denied, in Lucas v. Lacy, because, in making her deed to the heirs as required by the statute, she included other parties, so that there was a noncompliance with the statute, and in Dillen v. Fancher because she had not filed her petition within the time allotted by the Arkansas statute. In Shaw v. Shaw she did not renounce the will in any manner. The appeal in each case was from the refusal of the court to assign dower.

In the instant case the petition filed by the widow for admeasurement of dower was filed within time but is not contained in the record, and we are therefore unable to judge its sufficiency as a renunciation of the will. However, the probate court in which it was filed adjudged it to be sufficient as a compliance with the Arkansas law, for he appointed commissioners who set apart to her her proportionate part of her deceased husband's estate as dower. In the order appointing the commissioners the probate court found that all of the collateral heirs of M. B. Conatser, and the active trustees of his estate, had been duly summoned to oppose, if they desired, the application of the widow for dower, and that they had appeared either in person or by attorney; that the widow was entitled to take absolutely an interest in fee simple in the lands owned by her deceased husband in Arkansas, and appointed commissioners to set such interest apart to her. The report of the commissioners shows that they divided only the Arkansas property and reported that the land assigned to the widow did not exceed in value more than one-half of the estate of her deceased husband in the State of Arkansas, and that the portion assigned to the widow as dower and the portion remaining as the property of the estate were of equal value. This report was, by the probate court, considered and by its judgment specifically approved and confirmed. No appeal was taken from this action on the part of the probate court, and in the absence of any showing in the record to the contrary, we must assume that the judgment of the probate court was final and conclusive, and binding upon all the parties; that it had jurisdiction to determine the question presented, and that its order was a final determination of that question. It may not be collaterally attacked in this action. Chicago, R. I. & P. R. Co. v. Forrester, 72 Okla. 8, 177 P. 593, 8 A.L.R. 163; Fidelity & Deposit Co. v. Clanton, 167 Okla. 106, 28 P. 2d 566.

A similar contention was made in Chicago, R. I. & P. R. Co. v. Forrester, supra. In that case the defendant attempted to collaterally attack a judgment of an Arkansas probate court appointing an administrator by alleging the nonexistence of jurisdictional facts. The trial court sustained a demurrer to this part of the answer and this court, in affirming the trial court, said:

"It is attempted to call in question the matters adjudicated by the probate court of Arkansas when said appointment was made. If the probate court of Arkansas had jurisdiction to make the appointment, then it had the jurisdiction to determine whether or not the conditions existed that warranted the making of said appointment, and its conclusion and judgment on such matters were final unless appealed from, and could not be retried in the instant case."

It is also noteworthy that the homestead of the parties was assigned to the widow as dower. Apparently under the Arkansas law she was entitled to the homestead whether she took under the will or not. Jameson v. Jameson, 117 Ark. 142.

We conclude that there was a renunciation of the will, and election to take dower, which sufficiently complied with the statutes of Arkansas, and that, the judgment of the probate court so holding having become final, the judgment of the trial court in the instant case that she had made such an election was not error.

Defendants next contend that by acting as trustee under the will both before and after the filing of her petition for dower, plaintiff recognized and acquiesced in the will, and thus precluded herself from renouncing same. They say that it would be inconsistent and impossible for plaintiff to hold the land of the estate both as trustee for the estate and for herself as an individual.

The only cases cited by defendants which support this contention are the cases of Elmore v. Byrd, 180 N. C. 120, and Mendenhall v. Mendenhall, 53 N. C. 287.

In Ross v. First Presbyterian Church (Mo.) 197 S.W. 561, cited by defendants, it appears that the widow not only acted as executrix of the will but received benefits thereunder.

What the exact situation was in the North Carolina cases cited above is not disclosed in the opinions.

In Pace v. Pace (Ill.) 110 N.E. 878, the court held that by acting as executrix the surviving wife did not forfeit her right to renounce the will and elect to take under the law. The court stated that this holding was in accord with the weight of authority, citing a number of cases. It further stated that the rule therein announced was supported by equity and sound reason, and that in order to forfeit her right of election there must be an acceptance by the widow of benefits under the will. Other cases so holding were In re McCarthy's Estate (Cal.) 15 P. 2d 223, and Merchants Nat. Bank v. Hubbard (Ala.) 133 So. 723, 74 A.L.R. 646.

We think these decisions are supported by sound reasoning. We can perceive no substantial reason why the act of plaintiff in accepting the trusteeship under her husband's will standing alone, should deprive her of the right of election.

From the evidence it appears that plaintiff took no active part in the management of the trust estate; that she received no benefits or compensation for acting as trustee, and that her participation in the affairs of the estate as trustee was more formal than real. The trial court correctly held that the fact that plaintiff was appointed trustee, and served as such without compensation and without receiving any benefits therefrom did not deprive her of her right of election.

The last contention made by defendants is that the trustees have held the land adversely to plaintiff for approximately 17 years, and that she is now barred by laches and by the statute of limitations from asserting title to the property, and that the trustees have acquired title thereto by adverse possession.

The evidence upon which defendants principally rely to establish this contention is the fact that plaintiff, while acting as trustee of the estate, signed two petitions requesting the probate court of Franklin county, Ark., to authorize the trustees to take certain steps in and about the managing of the trust estate, in which petitions it was recited that the estate had an undivided one-half interest in the Oklahoma land. Both of these petitions were filed after dower had been set apart to plaintiff. From the evidence it appears that plaintiff was an inactive trustee, and was finally removed because of her inactivity; that Will Hill, the active trustee, managed the property of the estate and also, either in the capacity of trustee or agent, managed the property of plaintiff which had been set apart to her. From the evidence it appears that the petitions and various other instruments filed in the case by the trustees were prepared at the direction of Will Hill. There is no showing that plaintiff did anything in connection with these petitions other than to affix her name thereto as trustee, and it appears that in other documents filed in the probate court Will Hill himself frequently signed the name of plaintiff.

The admission in these petitions, when the circumstances above set forth are

considered, are far from conclusive. The petitions are in essence pleadings in a former or different action. In Jones on Evidence (2d Ed.) p. 1849, §1006, the author, referring to the value in evidence of pleadings filed in a former or different action, says:

"Admissions in the pleadings in a former action are inconclusive as evidence against the pleader when made use of in other actions and proceedings. The rule is the same with regard to pleadings abandoned or superseded. Plainly a tacit or incidental admission in one suit does not conclude the party making it in another action, where precisely the same matter is not in litigation; and even admissions which are expressly made by the pleadings in one action are not conclusive in other suits, unless the second action is brought on a judgment recovered in the first."

The record is barren of any admission made by plaintiff, other than that contained in the two petitions above mentioned that the Oklahoma lands were the property of the estate, or that she so regarded them. In fact, the only other evidence of adverse possession on the part of the trustees is testimony as to statements made by Will Hill, who died a short time before the filing of this action, to the effect that the land belonged to the estate, which statements were not made in the presence of plaintiff or with her knowledge. Some eight annual reports made by the trustees to the probate court are contained in the record, and in only one of them, which covered the receipts and disbursements of the trustees for the year 1937, is any Oklahoma land mentioned. That report contains the statement, "½ loss Okla. farm $45.35." Whether the Oklahoma farm there referred to was the subject matter of this litigation, or some other property, does not appear. The evidence shows that Will Hill, who, as heretofore stated, owned an interest in the Oklahoma land, actively managed the same during his lifetime, but whether he held the interest left by Conatser as trustee for the estate, or as trustee or agent for plaintiff, does

not appear. It also appears that the Oklahoma land was productive farm land which could be rented for farming purposes so as to produce a considerable income, and that the taxes thereon were considerable. Yet the record wholly fails to show any payment of taxes by Hill as trustee, or that he accounted for any rentals as trustee. Nor is it shown in whose name the land was listed for taxation.

From all the evidence the trial court may well have concluded that the taxes on the land were charged to and paid by plaintiff, and that plaintiff received the rentals accruing from the land.

It is a familiar and well established rule in this state that a party relying on a title by adverse possession has the burden of proving all the facts necessary to establish such a title.

In Farmers' National Bank of Oklahoma City v. Gillis, 155 Okla. 290, 9 P. 2d 47, we said:

" ' . . . Adverse possession is to be taken strictly, and every presumption is in favor of a possession in subordination to the rightful owner. Title by adverse possession, therefore, must be established by clear and positive proof. It cannot be made out by inference. All of its constituent elements must be established. Thus, it is necessary to prove an actual, open, notorious, exclusive, and hostile possession for the full statutory period.' 1 R.C.L. p. 695, §9; Flesher v. Callahan et al., 32 Okla. 283, 122 P. 489; Vernor v. Poorman, 59 Okla. 105, 158 P. 615, and Stolfa v. Gaines et al., 140 Okla. 292, 283 P. 563."

The statement above has been followed in numerous decisions and is unquestionably the law in this state.

By the provisions of 84 O.S. 1941 §213, subd. 2, title to the Oklahoma land, which was property acquired by the joint industry of the husband and wife during coverture, upon her election to take under the law instead of under her husband's will, vested in the plaintiff upon the death of her husband, subject to administration by an ad-

ministrator appointed in this state. She was therefore the rightful owner, and every presumption is in favor of a possession in subordination to her.

The trial court was justified in concluding that the evidence adduced by defendants was not sufficient to establish their claim of acquisition of title by adverse possession, or that the claim of plaintiff was barred by laches or limitation.

The judgment of the trial court is not contrary to law, nor clearly against the weight of the evidence and must, therefore, be sustained.

Affirmed.

HURST, C.J., and BAYLESS, RILEY, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.